**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **RAYFORD F. PERRY, #612772** | § | |
| VS. | § | CIVIL ACTION NO. 5:06cv81 |
| **BRAD LIVINGSTON, ET AL.** | § | |

**MEMORANDUM OPINION AND
ORDER OF DISMISSAL**

Plaintiff Rayford F. Perry, an inmate previously confined at the Telford Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Executive Director Brad Livingston, Officer Sherry E. Courtney, Ombudsman Eloise Warzecha, Dr. John Raasoch and Dr. Troy A. Caldwell. The complaint was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

**Plaintiff's Allegations**

The original complaint was filed on April 13, 2006. The Plaintiff alleged that Officer Courtney conspired to arrange a marriage between them with bogus disciplinary cases. The first disciplinary case was Number 20030151682 on February 6, 2003. He extensively complained about the validity of the disciplinary case. The second disciplinary case was Number 20040159007 on February 1, 2004. A third disciplinary case was Number 20050283978 on June 13, 2005. Somehow these disciplinary cases made it possible for her to seal the marriage certificate. The Plaintiff alleged that he has an expert witness to verify the entire arranging of the marriage. He alleged that Executive Director Brad Livingston granted the arranging of the marriage. Livingston also purportedly justified for Officer Courtney and the entire prison administration and the entire University of Texas Medical

1

Branch medical personnel to violate employee general rules of conduct, ethics rules and other established rules. Ombudsman Warzecha was notified about the conspiracy, harassment and retaliation, but she purportedly justified the conspiracies. The Plaintiff alleged that Dr. Caldwell purportedly also justified the conspiracies. He noted that Dr. Caldwell diagnosed him as having delusional disorders. The Plaintiff specified that he was prescribed the following drugs: Haloperidol 5 mg., Benztropine 2 mg., Ziprasidone 80 mg., and Carbamazepine 200 mg., which are antipsychotic and antiparkinson agents. He finally complained about Dr. John Raasoch. The Plaintiff stated that he attempted suicide on September 30, 2004. He was transported to Wadley Hospital in Texarkana. He was subsequently discharged to the Skyview psychiatric unit. The Plaintiff alleged that "Dr. John Raasoch justified for Dr. T. Caldwell to act in the conspiracy his license and place of employment verify's SO."

## Defendants' Motion for Summary Judgment

The Defendants filed a motion for summary judgment on July 14, 2006. They argued that they are entitled to summary judgment for the following reasons:

1. The Plaintiff has no evidence to support his claims;

2. The Defendants are entitled to qualified immunity;

3. The Defendants are entitled to Eleventh Amendment immunity; and

4. The Plaintiff failed to exhaust his administrative remedies with respect to Defendants Livingston and Raasoch.

In support of their motion, the Defendants attached a copy of the disciplinary records for cases filed by Officer Courtney against the Plaintiff.

The first disciplinary case discussed is Number 20030151682, where the Plaintiff was found guilty of masturbating in front of Officer Courtney. He was found guilty on February 14, 2003. The records reveal that the Plaintiff was found guilty based on the charging officer's report and testimony, along with Ms. Foster's testimony. The punishment imposed consisted of the loss of commissary privileges for thirty days, cell restrictions for fifteen days and loss of fifteen days good time. The second disciplinary case is Number 20040159007, where the Plaintiff was found guilty of attempting to establish an inappropriate relationship with Officer Courtney by sending a letter to her of a romantic nature. The Plaintiff was found guilty on February 10, 2004. The Plaintiff admitted writing the letter, but he asserted that he was married to Courtney. The punishment imposed consisted of cell restrictions for fifteen days and the loss of thirty days good time.

The Defendants argued that they are entitled to summary judgment because the Plaintiff has not offered any evidence to support the crux of his complaint that there was a forced marriage between himself and Officer Courtney. They also argued that the claims are interrelated with the disciplinary cases, thus the Plaintiff may not proceed with the civil rights claims since he has not shown that the disciplinary cases have been reversed on direct appeal, expunged by executive order or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Defendants argued that they are entitled to qualified immunity and Eleventh Amendment immunity. They noted that there is no basis for a potentially meritorious civil rights lawsuit based on the violation of prison rules. They finally argued that Defendants Livingston and Raasoch are entitled to summary judgment because the Plaintiff failed to exhaust his administrative remedies against them. The Court notes that the details of the Defendants' arguments will be discussed more fully in the discussion and analysis section of the opinion.

**Plaintiff's Response**

The Plaintiff did not file a response to the motion for summary judgment.

**Discussion and Analysis**

Summary judgment is proper when the pleadings and evidence on file show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party for summary judgment has the burden of proving the lack of a genuine issue as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1221-23 (5th Cir. 1985).

In deciding a motion for summary judgment, the Court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." 477 U.S. at 247-48. In making this threshold inquiry, the Court must consider that "[s]ummary judgment is proper when, viewed in the light most favorable to the non-moving party, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Smith v. Xerox Corp.,* 866 F.2d 135, 137 (5th Cir. 1989) (citations omitted); Fed. R. Civ. P. 56(c).

Once the movants make a showing that there is no genuine material fact issue to support the nonmovant's case, the nonmovant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199 (5th Cir.),

*cert. denied*, 488 U.S. 926 (1988); *see also Celotex*, 477 U.S. at 324. Rather, he must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson*, 477 U.S. at 257. Summary judgment is proper if the affidavits, depositions, answers, and admissions on file fail to establish the existence of an element essential to the plaintiff's case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Courts must employ the summary judgment device cautiously. *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980).

In the present case, the Defendants correctly argued that they are entitled to summary judgment because the Plaintiff failed to submit any evidence, let alone competent summary judgment evidence, in support of his claims. When the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must come forth with specific facts showing a genuine issue for trial. *Freeman v. T.D.C.J.*, 369 F.3d 854, 860 (5th Cir. 2004). The Plaintiff may not satisfy his burden with conclusory allegations, speculation, unsubstantiated assertions or only a scintilla of evidence. *Id.*; *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004). The Plaintiff presented no evidence that he is married to Officer Courtney or that she forced him into a marriage. The only documentation submitted in this case concerning the issue was the Plaintiff's letter to her expressing his feelings towards her. As the Defendants noted, the evidence does not show evidence of a marriage, but of the Plaintiff's unrequited feelings for Officer Courtney.

5

The Defendants also correctly argued that the civil rights lawsuit is barred to the extent that it concerns the disciplinary cases or that the facts of his claims are interrelated with the facts surrounding the disciplinary cases. He may not bring his claims in a civil rights lawsuit unless he first shows that the result was reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The Plaintiff has not satisfied this burden, thus the Defendants are entitled to summary judgment.

The Defendants also correctly argued that they are entitled to summary judgment based on qualified immunity. The defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established rights which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Wilson v. Layne*, 526 U.S. 603, 614 (1999). The doctrine of qualified immunity shields government officials "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Fraire v. Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992), *citing Anderson v. Creighton*, 483 U.S. 635, 638 (1987). The objective reasonableness of an official's conduct must be measured with reference to the law as it existed at the time of the conduct in question. *Anderson*, 483 U.S. at 639; *Jackson v. City of Beaumont Police Department*, 958 F.2d 616, 620 n. 5 (5th Cir. 1992) (citations omitted). *See King v. Chide*, 974 F.2d 653 (5th Cir. 1992) (discussing qualified immunity in the context of force used against an arrestee). The evaluation of a qualified immunity claim involves a two-step inquiry. *Harper v. Harris County*, 21 F.3d 597, 600 (5th Cir. 1994); *Colston v. Barhnart*, 130 F.3d 96, 99 (5th Cir. 1997). The first step is to determine whether the plaintiff has shown a violation of a clearly established constitutional right. *Id.* The second step requires the court to determine whether the

defendant's conduct was objectively unreasonable under existing clearly established law. *Id.* When the moving party pleads he is entitled to summary judgment based on qualified immunity, the burden shifts to the nonmoving party to rebut the defense by establishing that the state actor violated clearly established law. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). He cannot negate the defense by resting on conclusory allegations and assertions. *Id.*

In the present case, the Plaintiff made no effort to counter the defense. The Defendants correctly showed that the Plaintiff failed to show a violation of a clearly established right. He alleged that Livingston permitted "the entire TDCJ administration and the entire University of Texas Medical Branch (UTMB) medical personnel to violate Employee General Rules of Conduct." The Defendants correctly noted that mere violations of prison regulations, without more, do not state a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986); *Jackson v. Cain*, 864 F.2d 1235, 1252 (5th Cir. 1989). The Plaintiff's claims against Officer Courtney are barred by *Balisok*. The Plaintiff's claim that Ombudsman Warzecha failed to properly investigate his claims is frivolous in that inmates do not have a right to have grievances resolved to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). The Plaintiff complained that Dr. Caldwell diagnosed him with delusional disorders and prescribed antipsychotic and antiparkinson drugs. The Plaintiff failed, however, to show that Dr. Caldwell acted with deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). He does not have a basis for a lawsuit against Dr. Caldwell because he disagreed with a diagnosis or treatment. *Estelle v. Gamble*, 429 U.S. at 106; *Johnson v. Treen*, 759 F.2d at 1238. The Plaintiff's claims against Dr. Raasoch are unclear, but he has not shown deliberate indifference. Moreover, the Plaintiff alleged that each of the Defendants were involved in a conspiracy. To prove a conspiracy, the Plaintiff must prove an actual deprivation of a constitutional right. *Slavin v. Curry*,

574 F.2d 1256, 1261 (5th Cir. 1978); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984). *See also Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). The Plaintiff has not shown a violation of a constitutional right. He failed to satisfy the first prong in the qualified immunity analysis requiring him to show a violation of a clearly established constitutional right. Furthermore, he failed to show or even address the second prong requiring him to show that the Defendants' conduct was objectively unreasonable under existing clearly established law. The Defendants are entitled to summary judgment based on qualified immunity.

The Defendants also correctly argued that they are entitled to summary judgment based on Eleventh Amendment immunity. The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court held that neither a state nor a state official is a "person" for purposes of liability under 42 U.S.C. § 1983. The Defendants are entitled to summary judgment based on Eleventh Amendment immunity to the extent that they have been sued for damages in their official capacity.

Defendants Livingston and Raasoch are entitled to summary judgment for the additional reason that the Plaintiff did not exhaust his administrative remedies against them. The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e. In 1996, Congress enacted the Prison Litigation Reform Act, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court accordingly unanimously concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731 (2001). *See also Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). The Supreme Court subsequently

held that exhaustion is mandatory and is required for all actions brought by prisoners. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Most recently, the Supreme Court reiterated that exhaustion is mandatory and will not be excused when an inmate fails to timely exhaust his administrative remedies.  *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).  The Plaintiff has not satisfied his burden of showing that he exhausted his administrative remedies against Livingston and Raasoch, thus they are entitled to summary judgment on this issue.

As a final matter, the Court has reviewed the claims and documents filed in this case and is of the opinion that the lawsuit should be dismissed for one additional reason.  A district court may dismiss a complaint if it determines that it is frivolous, and a lawsuit is factually frivolous if the facts are "clearly baseless," a category encompassing allegations that are fanciful, fantastic and delusional.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992);  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Allegations of a vast conspiracy at all levels of government can be characterized as fanciful, irrational, incredible and delusional.  *Simmons v. Payne*, 170 Fed. Appx. 906, 907 (5th Cir. 2006).  The Plaintiff's claim that there was a conspiracy involving the entire prison administration and the entire University of Texas Medical Branch medical personnel, and that the focus of such conspiracy was an arranged marriage with Officer Courtney was fanciful, fantastic and delusional.  Moreover, the finding is supported by the conclusion of Dr. Caldwell that he is delusional.  The lawsuit is factually frivolous and should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).  It is accordingly

**ORDERED** that the Defendants' motion for summary judgment (docket entry #13) is **GRANTED**.  It is further

**ORDERED** that the lawsuit is **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 56 and 28 U.S.C. § 1915A(b)(1).  It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**SIGNED** this 7th day of August, 2006.

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE